UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| SUSAN JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>BLUE NILE, INC., et al.,<br><br>    Defendants. | Case No. 20-cv-08183-LB<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 57 |

## INTRODUCTION

Blue Nile sells jewelry online and uses FullStory's software to see what visitors to its website are doing.[1] The plaintiff — on behalf of a putative California class — claims that this is an illegal wiretap and a violation of her right to privacy under California law.[2] The court previously dismissed the case primarily because the plaintiff did not plausibly plead wiretapping. The amended complaint does not cure the previous complaint's deficiencies. The court thus grants Blue Nile's and FullStory's motion to dismiss.

---

[1] Second Am. Compl. (SAC) – ECF No. 53 at 5–8 (¶¶ 19–30). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 18–23 (¶¶ 78–107).

ORDER – No. 20-cv-08183-LB

**STATEMENT**

The previous dismissal order summarized the allegations about the alleged wiretapping.[3] The main allegations in the current complaint have not changed. In short, Blue Nile uses FullStory's "session replay" software to watch what its users are doing. The current complaint adds allegations about how FullStory accesses and analyzes data for its clients (such as indexing it for the client's use and showing a user's purchase history).[4]

The previous order found no specific jurisdiction over FullStory, a Georgia-based company incorporated in Delaware.[5] The current complaint adds jurisdictional allegations: Blue Nile advertises its products in California, and FullStory "wiretaps geolocation information."[6]

All parties consented to magistrate jurisdiction under 28 U.S.C. § 636.[7] The court has subject-matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d).[8] The case is related to *Graham v. Noom, Inc.*, No. 3:20-cv-06903-LB (N.D. Cal.), and raises similar issues.[9] The court held a hearing on August 12, 2021.

**ANALYSIS**

The reasoning in *Graham v. Noom* controls here: FullStory is not a third-party wiretapper because it is not an outsider and instead is a software vendor that provides a service that allows Blue Nile to analyze its own data. The plaintiff does not state a claim for wiretapping (or invasion of privacy based on the wiretapping) for the reasons in the court's earlier order. The new allegations — illuminating the functionalities of the software — do not change this conclusion.[10]

---

[3] Order – ECF No. 49 at 2–3. This order incorporates the previous order's summary by this reference.
[4] SAC – ECF No. 53 at 11–13 (¶¶ 47–54).
[5] Order – ECF No. 49 at 6–7.
[6] SAC – ECF No. 53 at 3–4 (¶¶ 7, 15).
[7] Consents – ECF Nos. 29–31.
[8] SAC – ECF No. 53 at 3 (¶ 12).
[9] Order – ECF No. 34 (relating cases).
[10] *Graham v. Noom, Inc.*, No. 3:20-cv-06903-LB, Order – ECF No. 79 at 2–3.

ORDER – No. 20-cv-08183-LB                    2

The plaintiff also lacks standing for the claim under California's Invasion of Privacy Act: there is no wiretapping, there thus is no injury that creates a private right of action under the statute, and there is no injury in fact that conveys Article III standing.[11] Cal. Penal Code § 637.2(a).

There is no personal jurisdiction over FullStory either. It is a Georgia-based vendor incorporated in Delaware that sold a product to Blue Nile. The basis for specific personal jurisdiction remains wiretapping. If there were wiretapping, then there would be personal jurisdiction. But there is no wiretapping.[12] The analysis for Blue Nile is slightly different: it sells to customers here. But the plaintiff predicates jurisdiction on wiretapping, there is no wiretapping, and thus there is no tort establishing jurisdiction here.[13]

## CONCLUSION

The court dismisses the complaint with prejudice because the plaintiff did not cure the earlier complaint's deficiencies. This disposes of ECF No. 57.

**IT IS SO ORDERED.**

Dated: August 13, 2021

LAUREL BEELER
United States Magistrate Judge

---

[11] *Id.* at 3.

[12] *Id.*

[13] Order – ECF No. 49 at 6–7.